# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH WILHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV: 2020-_____ |
| ) | |
| JAMESON T. PARKER; ) | |
| ANDREW CUTTS SR.; ) | |
| CHARLES MONK; and ) | |
| MARCUS HAYNES ) | |
| all in their individual capacities, ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

## COMPLAINT

Plaintiff, JOSEPH WILHITE, by his undersigned attorney, sues Defendants, JAMESON T. PARKER, ANDREW CUTTS SR., CHARLES MONK, and MARCUS HAYNES, all in their individual capacities, and states

1. This is a civil action brought by Plaintiff who was denied certain constitutional rights by Defendants while incarcerated in Bibb Correctional Facility of the Alabama Department of Corrections (ADOC). Specifically, Defendants repeatedly beat Plaintiff with their fists and clubs while he was having epileptic seizures in violation of his rights under the Eighth Amendment to the United States Constitution, causing him grievous injuries. Certain Defendants also violated Alabama law as detailed below.

1

## I.   JURISDICTION AND VENUE

2.   This action arises under the Eighth Amendment to the United States Constitution, 42 U.S.C. § 1983, and state law.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.   This judicial district is an appropriate venue under 29 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in this judicial district.

## II.   PARTIES

4.   Plaintiff Joseph Wilhite ("Plaintiff") is incarcerated by the ADOC. On the dates relevant to the events made the basis of this Complaint, he was incarcerated in Bibb Correctional Facility.

5.   Defendants Jameson T. Parker ("Parker") and Andrew Cutts, Sr. ("Cutts") and Marcus Haynes ("Haynes") and Charles ("Monk") were correctional officers at Bibb Correctional Facility ("Bibb") at all material times. The aforementioned-Defendants are sued in their individual capacities, only.

## III.   FACTS

6.   Plaintiff is an adult male who has suffered from epilepsy with resulting epileptic seizures and related symptoms since at least 2005.

7.   Beginning in approximately 2007, Plaintiff was incarcerated by the ADOC. In 2018, he was transferred to Bibb.

8. It was well known at Bibb among correctional officers and medical staff, including the Defendants, that Plaintiff suffered from epilepsy.

9. On June 23, 2018, Plaintiff was locked into a chair while having an epileptic seizure. Defendant Haynes watched while Plaintiff had an epileptic seizure which tore his pectoral muscles. Haynes laughed and made fun of Plaintiff's plight. Haynes failed to take any action to protect or aid the Plaintiff.

10. Soon after, Defendant Monk punched client in the eye. Monk then pulled Plaintiff aside and admitted fault, saying "I didn't know you were epileptic."

11. On September 25, 2018, Plaintiff got off work doing kitchen duty around 7:30 or 8:00 a.m. Shortly thereafter, Plaintiff had a massive epileptic seizure that caused him to fall to the ground and lose consciousness.

12. Soon after that seizure, Plaintiff was taken to the medical facility at Bibb by Parker and other personnel.

13. Around 3:00 p.m., Plaintiff was returned to his dormitory. Almost immediately, Plaintiff began to have another epileptic seizure.

14. Plaintiff was then taken back to the medical facility at Bibb, where he was strapped or handcuffed into a gurney while he continued to have a seizure.

15. While Plaintiff lay helplessly strapped to a gurney, Cutts and Parker pulled out their wooden clubs and beat Plaintiff on his left and right thighs, shins, back, arms, and head. This was witnessed by Leigh Taormina, among others. At the time of this assault, Plaintiff posed no threat to Cutts and Parker, and in fact Plaintiff was

incapacitated by restraints and his disabling medical condition.

16. Plaintiff was released from the gurney, whereupon he fell to the floor. Parker and Cutts accused Plaintiff of using drugs. Plaintiff pled for his life, telling Parker and Cutts he did not use drugs but rather that he was epileptic.

17. Plaintiffs' pleas fell on deaf ears, as Cutts punched Plaintiff in the right eye and then struck Plaintiff's chest. Parker and Cutts then chained Plaintiff to a wall as he continued to bleed and exhibit clear epileptic symptoms.

18. Afterwards, Parker took Plaintiff from the medical building to the correctional officers' shift office. Plaintiff was then forced to strip naked. While or after pictures were taken, Lieutenant Wilson asked Parker "what the fuck have you done?!" Parker responded cavalierly, "I was just handling business."

19. As a result of these assaults and abuse, Plaintiff was caused serious bodily injury, pain, suffering, and mental distress.

20. Defendants' actions were done with deliberate indifference to Plaintiff's serious medical conditions; conditions known to the Defendants and yet who took these actions with malice and an intent to harm or injure the Plaintiff.

21. Defendants' conduct was done with malice and/or with reckless indifference to the Plaintiff's Federally protected rights.

22. Defendants' conduct was done willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. In particular, Defendants failed to discharge their duties pursuant to ADOC's detailed rules

or regulations, and in fact, the acted in complete contravention of those rules.

## IV.     CAUSES OF ACTION

### Count I
### UNCONSTITUTIONAL USE OF FORCE
### 42 U.S.C. § 1983

23.     Plaintiff reasserts the allegations contained in Paragraphs 1-22 above and incorporates the same by reference herein.

24.     Defendants each used excessive force upon Plaintiff and thereby violated his Eighth Amendment rights to be free from cruel and unusual punishment.

25.     Defendants' conduct posed a significant risk to the safety of Plaintiff and inflicted unnecessary and wanton pain and suffering upon Plaintiff.  Defendants lacked a good faith effort to maintain or restore discipline and instead acted maliciously and/or sadistically for the purpose of causing harm.

26.     As a result of their conduct, Plaintiff suffered injury, pain and suffering.

27.     Defendants' conduct was done with reckless indifference or malice to the Federally protected rights of Plaintiff.

### Count II
### ASSAULT AND BATTERY
### STATE LAW CLAIM

28.     Plaintiff reasserts the allegations contained in Paragraphs 1-22 above and incorporates the same by reference herein.

29. Defendants committed assault and battery upon Plaintiff. As a proximate result of their conduct, Plaintiff was caused to suffer injury, pain and suffering, and worsening epileptic seizures and symptoms.

30. In the course of their assault and battery, said officers acted willfully, maliciously, fraudulently, in bad faith, and or beyond their authority, and/or under a mistaken impression of law.

31. Defendants' conduct was done with malice or reckless indifference giving rise to Plaintiff's entitlement to punitive damages.

## Count III
## NEGLIGENCE AND RECKLESSNESS
## STATE LAW CLAIM

32. Plaintiff reasserts the foregoing allegations above and incorporates the same by reference herein.

33. Under Ala. Code (1975) Sections 14-6-1, et seq. and 21-7-1, et seq., Defendants owed a duty of care to Plaintiff to protect him from harm and injury while in their custodial care. Defendants breached that duty and negligently permitted Plaintiff to suffer assault, battery, lack of medical care, and other injury. As a result of the Defendants' negligence, Plaintiff suffered injury.

34. In the course of their negligence, said Defendants acted willfully, maliciously, fraudulently, in bad faith, and or beyond their authority, and/or under a mistaken impression of law. As a proximate result of the above-described negligence, Plaintiff suffered injuries.

## VIII.  RELIEF SOUGHT

As relief, Plaintiff seeks the following:

a) That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

b) That he be awarded against the individual defendants such punitive damages as a jury shall determine from the evidence he is entitled to recover;

c) That he be awarded prejudgment and post judgment interest at the highest rates allowed by law;

d) That he be awarded the costs of this action, his reasonable attorneys' fees, and his reasonable expert witness fees; and

e) That he be awarded such other and further relief to which he is justly entitled.

## PLAINTIFF REQUESTS A JURY TRIAL

Respectfully submitted this 15th day of June, 2020.

>  */s/Henry Brewster*
>  Henry Brewster (BREWH7737)
>  HENRY BREWSTER, LLC
>  205 N. Conception Street
>  Mobile, AL 36633-1051
>  Telephone:  (251) 338-0630
>  Facsimile: (251) 338-0632
>  Email: **hbrewster@brewsterlaw.net**

*/s/Kristopher Anderson*
Kristopher O Anderson (AND112)
CLARK PARTINGTON
4725 Main Street, Suite 222
Orange Beach, Alabama 36561
Telephone: (251)-225-4122
Email: kanderson@clarkpartington.com

Attorneys for Plaintiff
