# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JOEY WILHITE** )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>**JAMESON T. PARKER,** )<br>**ANDREW CUTTS, SR.,** )<br>**CHARLES MONK and** )<br>**MARCUS HAYNES, all in their** )<br>**individual capacities,** )<br>)<br>  Defendants. | Case No. 7:20-cv-00847-KOB-GMB |

## JOINT JURY CHARGES

## REQUESTED JURY CHARGE NO. 1

In this case, Joey Wilhite claims that Jameson Parker and Andrew Cutts, Sr., while acting under color of law, intentionally violated Joey Wilhite's Eighth Amendment right as a prisoner to be free from cruel and unusual punishment.

The Constitution guarantees that every person who is convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted without legal justification.

To succeed on this claim, Joey Wilhite must prove each of the following facts by a preponderance of the evidence:

First: That one or more of the Defendants, Jameson Parker and/or Andrew Cutts, Sr., intentionally used force against him;

Second: That the force used against Joey Wilhite by one or more of the Defendants, Jameson Parker and/or Andrew Cutts, Sr. was excessive;

Third: That one or more of the Defendants, Jameson Parker's and/or Andrew Cutts Sr.' conduct caused his injuries; and

Fourth: That one or more of the Defendants, Jameson Parker and Andrew Cutts, Sr. acted under color of law. In this case, the parties have agreed that Jameson Parker and Andrew Cutts, Sr. acted under color of law, so you should accept that as a proven fact.

You must decide whether any force used in this case was excessive based on whether the force, if any, was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously or sadistically to cause harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of Jameson Parker and Andrew Cutts, Sr.; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not maliciously or sadistically use force to cause harm regardless of the significance of the injury to the prisoner. But not every push or shove – even if it later seems unnecessary – is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance

with jail or prison regulations.

For the third element, that Jameson Parker's and/or Andrew Cutts, Sr.'s conduct caused Joey Wilhite's injuries if he would not have been injured without Jameson Parker's and/or Andrew Cutts, Sr.'s conduct, and the injuries were a reasonably foreseeable consequence of that Defendant's conduct.

If you find Joey Wilhite has proved each of the facts he must prove against Jameson Parker, you must find for Joey Wilhite against Jameson Parker and consider the issue of damages. If you find Joey Wilhite has proved each of the facts he must prove against Andrew Cutts, Sr., you must find for Joey Wilhite against Andrew Cutts, Sr. and consider the issue of damages. If you find that Joey Wilhite has not proved each of these facts against either Jameson Parker or Andrew Cutts, Sr., then you must find for that Defendant, although you may still find against another Defendant if Joey Wilhite has proven each of the facts against that Defendant.

_____

11th Circuit Pattern Jury Instruction 5.6.

GIVEN     _____

REFUSED   _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JOEY WILHITE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-00847-KOB-GMB |
| | ) | |
| **JAMESON T. PARKER,** | ) | |
| **ANDREW CUTTS, SR.,** | ) | |
| **CHARLES MONK and** | ) | |
| **MARCUS HAYNES, all in their** | ) | |
| **individual capacities,** | ) | |
| | ) | |
| Defendants. | ) | |

## REQUESTED JURY CHARGE NO. 2

In this case, Joey Wilhite claims that Jameson Parker and Andrew Cutts, Sr., while acting under color of law, failed to intervene either Jameson Parker and/or Andrew Cutts, Sr. used excessive force against Joey Wilhite in violation of the United States Constitution.

An officer who fails or refuses to intervene when a constitutional violation such as excessive force takes place in his presence may be held liable for his failure to intervene.

To succeed on this claim, Joey Wilhite must prove each of the following facts by a preponderance of the evidence:

First:     That one or more of the Defendants, Jameson Parker and/or Andrew Cutts, Sr. used excessive force on him;

Second:    That one or more of the Defendants, Jameson Parker and/or Andrew Cutts, Sr., saw the other officer use excessive force or knew that the other officer was going to use excessive force;

Third:     That one or more of the Defendants, Jameson Parker or Andrew Cutts, Sr. had a realistic opportunity to prevent harm from occurring;

Fourth:    That one or more of the Defendants, Jameson Parker or Andrew Cutts, Sr. failed to take reasonable steps to prevent harm from occurring;

Fifth:     That one or more of the Defendants, Jameson Parker's or Andrew Cutts, Sr.'s failure to act caused Joey Wilhite's injuries and the injuries were a reasonably foreseeable consequence of that officer's failure to act; and

Sixth:     That one or more of the Defendants, Jameson Parker or Andrew Cutts Sr. acted under color of law. In this case, the parties have agreed that both Jameson Parker and Andrew Cutts. Sr. acted under color of law, so you should accept that as a proven fact.

If you find Joey Wilhite has proved each of the facts he must prove against Jameson Parker, you must find for him against Jameson Parker and consider the issue of damages. If you find Joey Wilhite has proved each of the facts he must prove against Andrew Cutts, Sr., you must find for him against Andrew Cutts, Sr. and consider the issue of damages. If you find that Joey Wilhite has not proved each of these facts against Jameson Parker, then you must find for Jameson Parker, although you may still find against Andrew Cutts, Sr. if Joey Wilhite has proven each of the facts against Andrew Cutts, Sr. Likewise, if you find that Joey Wilhite

5

has not proved each of these facts against Andrew Cutts, Sr., then you must find for Andrew Cutts, Sr., although you may still find against Jameson Parker if Joey Wilhite has proven each of the facts against Jameson Parker.

———————

Eleventh Circuit Pattern Jury Instruction 5.7.

GIVEN  _____

REFUSED  _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOEY WILHITE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-00847-KOB-GMB |
| | ) | |
| **JAMESON T. PARKER,** | ) | |
| **ANDREW CUTTS, SR.,** | ) | |
| **CHARLES MONK and** | ) | |
| **MARCUS HAYNES, all in their** | ) | |
| **individual capacities,** | ) | |
| | ) | |
| Defendants. | | |

## REQUESTED JURY CHARGE NO. 3

Joey Wilhite says each defendant attacked him bodily. Joey Wilhite further says Jameson Parker's and/or Andrew Cutts, Sr.'s conduct caused Joey Wilhite harm, including injury and emotional distress. This is a claim for assault and battery.

To recover on this claim, Joey Wilhite must prove to your reasonable satisfaction from the evidence all of the following:

1. That either Jameson Parker, Andrew Cutts, Sr., or both Jameson Parker and Andrew Cutts, Sr. hit Joey Wilhite;

2. That either Jameson Parker, Andrew Cutts, Sr., or both Jameson Parker and Andrew Cutts, Sr. intended to attack him bodily; and,

3. That either Jameson Parker, Andrew Cutts, Sr., or both Jameson Parker and Andrew Cutts, Sr. did this in a harmful or offensive manner. The word "offensive" means the conduct is likely to offend a reasonable person.

Joey Wilhite does not have to prove that either Jameson Parker or Andrew Cutts, Sr. intended to harm him, and he does not have to prove actual injury to his body.

If Joey Wilhite proved all these things, you must find for him, and then you must determine the amount of money to award Joey Wilhite.

If you find that Joey Wilhite has not proved each of these facts against Jameson Parker, then you must find for Jameson Parker, although you may still find against Andrew Cutts, Sr. if Joey Wilhite has proven each of the facts against Andrew Cutts, Sr. Likewise, if you find that Joey Wilhite has not proved each of these facts against Andrew Cutts, Sr., then you must find for Andrew Cutts, Sr., although you may still find against Jameson Parker if Joey Wilhite has proven each of the facts against Jameson Parker.

_____

APJI 5.01 Assault and Battery, or Battery Only—Elements

GIVEN    _____

REFUSED  _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOEY WILHITE** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-00847-KOB-GMB |
| | ) | |
| **JAMESON T. PARKER,** | ) | |
| **ANDREW CUTTS, SR.,** | ) | |
| **CHARLES MONK and** | ) | |
| **MARCUS HAYNES, all in their** | ) | |
| **individual capacities,** | ) | |
| | ) | |
|     **Defendants.** | | |

## REQUESTED JURY CHARGE NO. 4

Plaintiff, Joey Wilhite, says the defendants attacked him and threatened him. This is a claim for assault.

To recover, Joey Wilhite must prove to your reasonable satisfaction from the evidence all of the following:

1. Jameson Parker and/or Andrew Cutts, Sr. threatened to touch Joey Wilhite;

2. Jameson Parker and/or Andrew Cutts, Sr. made the threat in an angry or rude manner;

3. Jameson Parker and/or Andrew Cutts, Sr. had the apparent ability to carry out the threat; and,

4. Under the circumstances, Joey Wilhite had a well-founded fear that Jameson Parker and/or Andrew Cutts, Sr. would immediately carry out the threat.

Joey Wilhite does not have to prove that Jameson Parker and/or Andrew Cutts, Sr. touched him. However, words alone, no matter how abusive, are not an assault.

If Joey Wilhite proved all these things, you must find for him, and then you must determine the amount of money to award Joey Wilhite.

If you find that Joey Wilhite has not proved each of these facts against Jameson Parker, then you must find for Jameson Parker, although you may still find against Andrew Cutts, Sr. if Joey Wilhite has proven each of the facts against Andrew Cutts, Sr. Likewise, if you find that Joey Wilhite has not proved each of these facts against Andrew Cutts, Sr., then you must find for Andrew Cutts, Sr., although you may still find against Jameson Parker if Joey Wilhite has proven each of the facts against Jameson Parker.

APJI 5.00 Assault—Elements

GIVEN _____

REFUSED _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOEY WILHITE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-00847-KOB-GMB |
| | ) | |
| **JAMESON T. PARKER,** | ) | |
| **ANDREW CUTTS, SR.,** | ) | |
| **CHARLES MONK and** | ) | |
| **MARCUS HAYNES, all in their** | ) | |
| **individual capacities,** | ) | |
| | ) | |
| Defendants. | | |

## REQUESTED JURY CHARGE NO. 5

Joey Wilhite can recover compensatory and punitive damages only if you find that Joey Wilhite has suffered more than a minimal physical injury. Thus, you must first determine whether Joey Wilhite suffered more than a minimal physical injury. Minor cuts and bruises are examples of minimal physical injuries. If Joey Wilhite has failed to prove that he suffered more than a minimal physical injury, then you must award nominal damages of $1.00. This is because a person whose constitutional rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. If you find that Joey Wilhite has proved more than a

minimal physical injury, then you must consider Joey Wilhite's claims for compensatory and punitive damages.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Joey Wilhite's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize Jameson Parker or Andrew Cutts, Sr. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Joey Wilhite does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Joey Wilhite has proved them by a preponderance of the evidence, and no others: injury to body and emotional distress.:

(a) The reasonable value of medical care and supplies that Joey Wilhite reasonably needed and actually obtained, and the present value of medical care and supplies that he is reasonably certain to need in the future;

(b) Joey Wilhite's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that he is reasonably certain to experience in the future;

(c) Wages, salary, profits, and the reasonable value of working time that Joey Wilhite lost because of his inability or diminished ability to work, and the present value of such compensation that he is reasonably certain to lose in the future because of his inability or diminished ability to work;

(d) Joey Wilhite's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that he is reasonably certain to experience in the future; and

**Nominal Damages**: You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Joey Wilhite has submitted no credible evidence of injury; or (b) his injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) Jameson Parker and/or Andrew Cutts, Sr. used both justifiable and unjustifiable force against Joey Wilhite and it is entirely unclear whether Joey Wilhite's injuries resulted from the use of justifiable or unjustifiable force.

**Punitive Damages:**

If you find for Joey Wilhite and find that Jameson Parker and/or Andrew Cutts, Sr. acted with malice or reckless indifference to Joey Wilhite's federally protected rights, the law allows you, in your discretion, to award him punitive damages as a punishment for Jameson Parker and/or Andrew Cutts, Sr. and as a deterrent to others.

Joey Wilhite must prove by a preponderance of the evidence that he is entitled to punitive damages.

Jameson Parker and/or Andrew Cutts, Sr. acts with malice if his conduct is motivated by evil intent or motive. Jameson Parker and/or Andrew Cutts, Sr. acts with reckless indifference to the protected federal rights of Joey Wilhite when he engages in conduct with a callous disregard for whether the conduct violates Joey Wilhite's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Jameson Parker's and Andrew Cutts, Sr.'s financial resources in fixing the amount of punitive damages to be awarded. You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.

_____

Eleventh Circuit Pattern Jury Instruction 5.13

GIVEN _____

REFUSED _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **JOEY WILHITE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 7:20-cv-00847-KOB-GMB |
| | ) |
| **JAMESON T. PARKER,** | ) |
| **ANDREW CUTTS, SR.,** | ) |
| **CHARLES MONK and** | ) |
| **MARCUS HAYNES, all in their** | ) |
| **individual capacities,** | ) |
| | ) |
| **Defendants.** | |

## REQUESTED JURY CHARGE NO. 6

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you'll return to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to

the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

_____

Eleventh Circuit Pattern Jury Instruction 3.9.

GIVEN　　　_____

REFUSED　_____